**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JAMES WILLIAM TOWNER,

                              Plaintiff,

       v.                             No. 08-CV-47
                                        (DNH/DRH)

LAPE, Superintendent; JOHN DOE, Dep.
of Security; B. DONNELLY, Correction
Officer; and MCINTYRE, Correction Officer,

                              Defendants.

_____

**APPEARANCES:**                            **OF COUNSEL:**

JAMES WILLIAM TOWNER
Plaintiff Pro Se
99-A-4878
Attica Correctional Facility
Post Office Box 149
Attica, New York 14011

HON. ANDREW M. CUOMO            RICHARD LOMBARDO, ESQ.
Attorney General for the               Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se James William Towner ("Towner"), an inmate in the custody of the New

York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

U.S.C. § 1983 alleging that defendants, four DOCS employees, violated his constitutional

_____

      [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the Eighth and Fourteenth Amendments.  Compl. (Docket No. 1).  Presently

pending is defendants' motion to dismiss defendant Lape pursuant to Fed. R. Civ. P.

12(b)(6).  Docket No. 26.  Towner filed a one-page letter in response.  Docket No. 32.  For

the following reasons, it is recommended that defendants' motion be granted.


## I. Background

The facts are related herein in the light most favorable to Towner as the non-moving

party.  See subsection II(A) infra.

At all times relevant to the complaint herein, Towner was incarcerated at Coxsackie

Correctional Facility ("Coxsackie").  Compl. ¶ 3.  While incarcerated, Towner suffered from

extreme digestive problems with symptoms including headaches, dizziness, diarrhea,

cramping, and pain.  Docket No. 1-2 at 17-18, 26-27, 32-33, 36-52, 56.  Towner believed

that his symptoms and multiple bacterial infections resulted from a jar of peanut butter that

he purchased from the commissary which was potentially contaminated with salmonella.[2]

Id.  Towner sought information as to whether DOCS or any other private attorney had

initiated a class action against the peanut butter provider, so that Towner could join the

class.  Docket No. 1-2 at 26-27, 32-33, 35-52, 57.

Towner was threatened by various corrections officers to discontinue pursuing his

grievances against DOCS which Towner filed to discover if a class action suit had been

commenced.  Compl. ¶¶ 6-7.  Because Towner refused to discontinue filing the grievances,

---

[2] The peanut butter which DOCS contracted to buy for the prisoners was among that involved in a national recall for potential contamination with salmonella.  See generally, Compl. ¶ 6.

he was placed in keeplock[3] for two days.  Id.  ¶ 7.

On the morning of July 15, 2007,[4] defendant Donnelly arrived at Towner's cell door with a tray of food.  Id.  ¶ 7; see also Docket No. 1-3 at 34-36, 46, 48-50, 53-54.  Instead of leaving the tray outside Towner's door, Donnelly entered the cell, threw the tray at Towner, and then assaulted him.  Compl. ¶ 7.  Donnelly was joined by defendant McIntyre.  Id.  ¶ 9.  While Donnelly punched Towner, McIntyre held Towner's leg with such force that Towner believed it would break.  Id. at 7.  Donnelly and McIntyre continued to kick, punch, and choke Towner until he lost consciousness.  Id.  Towner was escorted from his cell, and continually beaten on the staircase and other locations at Coxsackie where surveillance cameras were ineffective.  Id. at 7, 9.   Towner suffered a laceration above his left eye and swelling around his eyes.  Docket No. 1-3 at 55.  This action followed.

## II. Discussion

Towner alleges in his complaint that his Fourteenth Amendment rights were violated by defendants failing to recognize his Equal Protection rights.[5]  However, liberally construing

---

[3]"Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities."  Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (

[4] In attachments to the complaint, the date of the assault is stated as July 16, 2007.

[5]The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law.  Essential to that protection is the guarantee that similarly situated persons be treated equally.  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  "In order to establish an equal protection violation, the plaintiffs must show that they were treated differently than other people in similar circumstances and must establish that such unequal treatment was the result of intentional and purposeful discrimination."  Myers v. Barrett, No. 95-CV-1534, 1997 WL 151770, at *3 (N.D.N.Y. Mar. 28, 1997) (Pooler, J.).  However, Towner does not allege how he was treated differently than any

3

Towner's complaint, he actually alleges that his (1) First Amendment rights were violated when he was assaulted in retaliation for filing grievances, (2) Eighth Amendment rights were violated when defendants used excessive force and failed to protect him by installing fully functional security cameras, and (3) Fourteenth Amendment due process rights were violated by his unwarranted placement in keeplock status for the duration of his incarceration.  Defendants contend that Towner has failed to allege the personal involvement of Lape and that Lape is protected by a qualified immunity.

## A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant

---

other similarly situated individuals or how that alleged treatment was motivated by discrimination.  Liberally construing the complaint, Towner contends that he was treated differently than other prisoners, but "prisoners [do not] . . . comprise a protected class for Equal Protection purposes." Mosby v. Trabout, No. 06-CV-1165 (NAM/GHL), 2008 WL 623122, at *11 (N.D.N.Y. Mar. 4, 2008) (citations omitted).  Thus, Towner has cited the wrong constitutional basis for his claims.

4

#1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.


## B.  Personal Involvement

Defendants contend that Towner has failed to establish the personal involvement of Lape, the Coxsackie Superintendent.  "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, supervisory officials may not be held liable merely because they held a position of authority.  Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).  However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

First, Lape cannot be held liable solely because he held a supervisory position over other defendants.  Towner does not specifically contend that Lape was directly involved or had knowledge of the alleged constitutional violations; however, even when reading the complaint in the light most favorable to Towner, any allegations of direct involvement and knowledge still lack any factual basis.  Additionally, Towner fails to assert even a conclusory allegation, that there was any negligent supervision by Lape, that Lape created a hiring or retention policy which allowed constitutional violations to continue, or that Lape was grossly negligent in managing his subordinates.

The only potential direct involvement by Lape was his signatures on the responses to Towner's grievances.  Docket No. 1-3 at 12-13.  However, "affirming the administrative denial of a prison inmate's grievance by a high-level official is insufficient to establish personal involvement under section 1983." Manley v. Mazzuca, No. 01-CV-5178 (KMK), 2007 WL 162476, at *10 (S.D.N.Y. Jan. 19, 2007) (citing Foreman v. Goord, No. 02-CV-7089 (SAS), 2004 WL 1886928, at *7 (S.D.N.Y. Aug. 23, 2004) ("The fact that [the prison superintendent] affirmed the denial of plaintiff's grievances is insufficient to establish personal involvement.")). Where a supervisory official receives, reviews, and responds to a prisoner's complaint, personal involvement will be found. See Bodie v. Morgenthau, 342 F. Supp. 2d 193, 203 (S .D.N.Y.2004) (citations omitted).  In this case, there are no allegations that Lape did any more than sign the responses to Towner's grievances.  Thus, those actions alone are insufficient to establish personal involvement.

Accordingly, defendants' motion to dismiss should be granted on this ground.[6]

---

[6] Because it is recommended herein that defendants' motion be granted on the first ground, defendants' contention regarding qualified immunity need not be addressed.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 26) be **GRANTED** and the complaint be **DISMISSED** against defendant Lape in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  November 19, 2008
        Albany, New York

_David R. Homer_

United States Magistrate Judge