UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES WILLIAM TOWNER,

                Plaintiff,

                          9:08-CV-0047
          v.                        (DNH/DRH)

JOHN DOE, Dep. of Security; B. DONNELLY,
Correction Officer; and McINTYRE, Correction Officer,

                      Defendants.

APPEARANCES:                OF COUNSEL:

JAMES TOWNER
99-A-4878
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff, *pro se*

HON. ANDREW M. CUOMO          RICHARD LOMBARDO, ESQ.
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for the Defendants

DAVID N. HURD
Unite States District Judge

**DECISION and ORDER**

**I.  Introduction**

      Plaintiff filed this civil rights action in January 2008.  In his complaint, he alleges

that the defendants who are correction officers at Coxsackie Correctional Facility,

assaulted him on July 15, 2007, causing serious injury.  Plaintiff claims that both the

assault and the subsequent disciplinary action against him were in retaliation for his

having filed grievances regarding the facility's alleged failure to test peanut butter sold

to inmates at the commissary for salmonella contamination.  *See* Dkt. No. 1.

Defendants Donnelly and McIntyre answered the complaint on May 28, 2008.

Dkt. No. 27.[1]

Presently before this Court is a motion from plaintiff seeking preliminary

injunctive relief.  Dkt. No. 89.[2]  While not entirely clear, plaintiff's motion appears to

seek an order directing his current medical providers at Attica Correctional Facility to

conduct diagnostic testing on fluid being secreted from a cyst, presumably in order to

address plaintiff's concern that he contracted salmonella from contaminated peanut

butter.  *Id*. at 3.

Defendants oppose the requested injunctive relief.  Dkt. No. 98.

## II.  Discussion

The standard a court must utilize in considering whether to grant a request for

injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in *Covino v.*

*Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and

(b) either (1) a likelihood of success on the merits of the claim; or (2) sufficiently serious

questions going to the merits and a balance of hardships tipping decidedly toward the

party seeking injunctive relief.  Id. at 77 (affirming district court's denial of inmate's

request for preliminary injunction); see also *Roucchio v. LeFevre*, 850 F. Supp. 143,

144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate

---

[1]  Defendant Superintendent Lape's motion to dismiss was granted by this Court on January 9, 2009.  Dkt. No. 35.

[2]  Plaintiff has also filed a motion for summary judgment.  Dkt. No. 87.  That motion has been referred to Magistrate Judge David R. Homer for issuance of a report-recommendation.

Judge that denied inmate's request for injunctive relief).[3]

Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . is binding only upon the parties to the action ..."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks v. Gray*, No. 9:07-CV-0510, 2008 WL 2522075, at *1 n. 1 (N.D.N.Y. Jun. 25, 2008) (Mordue, C.J.). Defendants in this action are corrections officers at Coxsackie Correctional Facility. As such, they have no responsibility for or involvement in plaintiff's medical care. *See* Dkt. No. 98 at 6. Thus, while plaintiff lists "NYS Dept. of Corr. Medical Dept., Dep. Woell, Supt. James T. Conway, and Dr. D Graf" as the "respondents" in his motion (*see* Dkt. No. 89 at 1), none of these individuals are named defendants, and plaintiff may not obtain injunctive relief against them in this action.

Plaintiff's motion must also be denied because the injunctive relief requested by plaintiff is unrelated to and not in furtherance of the merits of his claims in this action. *See Chavis v. Ryan,* 9:05-CV-100, 2007 WL 446440, at *1 (N.D.N.Y. Feb. 7, 2007) (Scullin, S.J.) (noting that "the relief a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint."); *Murray v. Wissman*, No. 9:05-CV-1186, 2008 WL 4682450, at * 2 (N.D.N.Y. Oct. 20, 2008) (Suddaby, D.J.) (same).

---

[3] "The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, 1998 WL 566791, *1 (N.D.N.Y. Sept. 3, 1998) (Munson, D.J.) (citations omitted). "The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." *Id.* Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Plaintiff's claim that he is likely to suffer imminent irreparable harm if the requested relief is not granted appears to be speculative, at best.

As noted above, the underlying claims in this proceeding do not include Eighth

Amendment claims of medical indifference.

Issues regarding plaintiff's medical care at Attica Correctional Facility, where he

has been confined since August, 2008 (*see* Dkt. No. 29), must be addressed with his

medical providers and, if necessary, by filing an appropriate action in the United States

District Court for the Western District of New York where Attica is located.

**III. <u>Conclusion</u>**

Therefore, it is

ORDERED that

1. Plaintiff's motion for preliminary injunctive relief (Dkt. No. 89) is DENIED; and

2. The Clerk shall serve a copy of this Order on the parties.

IT IS SO ORDERED.

United States District Judge

Dated: April  5, 2010
          Utica, New York

4