**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAMES WILLIAM TOWNER,

                        Plaintiff,

    v.                                                         No. 08-CV-47
                                                                    (DNH/DRH)

JOHN DOE, Dep. of Security; B. DONNELLY,
Correction Officer; and McINTYRE, Correction
Officer,

                        Defendants.

---

**APPEARANCES:**                                   **OF COUNSEL:**

JAMES WILLIAM TOWNER
Plaintiff Pro Se
99-A-4878
Attica Correctional Facility
Post Office Box 149
Attica, New York 14011

HON. ANDREW M. CUOMO                    RICHARD LOMBARDO, ESQ.
Attorney General for the                          Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se James William Towner ("Towner"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, two DOCS employees, violated his constitutional

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the First and Eighth Amendments.[2]  Compl. (Dkt. No. 1).  Presently pending is

Towner's motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Dkt. No. 87.[3]

Defendants oppose the motion.  Docket No. 98.  For the following reasons, it is

recommended that Towner's motion be denied.


### I. Background

The facts are related herein in the light most favorable to defendants as the non-moving

party.  See subsection II(A) infra.

On July 15, 2007, Towner refused to withdraw previously submitted grievances about

his alleged exposure to salmonella and was immediately moved to a different housing

block.  The next day, Towner received a misbehavior report from defendant Donnelly's

brother charging Towner with threatening a corrections officer.  Towner Aff. (Dkt. No. 94) ¶¶

2, 4-7, 9-10; Dkt. No. 100, p.1-2 ¶¶ 2, 5-7; Towner Mem. of Law (Dkt. No. 87 at 3-5) at 3-4.

---

[2] A third defendant, "John Doe," has neither appeared nor been served.  Fed. R. Civ. P. 4(m) requires that a complaint be served upon a defendant within 120 days after the complaint is filed or the complaint may be dismissed as to any unserved defendant without prejudice.  See also N.D.N.Y.L.R. 4.1(b). The complaint here was filed on January 11, 2008.  Compl. (Dkt. No. 1).  No summons was served on the defendant.  More than 120 days have passed since the complaint was filed.  Accordingly, it is recommended that the complaint be dismissed as to John Doe without prejudice pursuant to Rule 4(m) and Local Rule 4.1(b).

[3] Towner included an "affidavit" with his summary judgment motion which was neither signed nor notarized.  Dkt. No. 87 at 1.  However, Towner later submitted a second affidavit in support of his motion which was signed but not notarized.  Dkt. No. 94.  Given Towner's pro se status, leniency is to be afforded when considering his submissions.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). As Towner has timely submitted both "affidavits," they have been considered in conjunction with this motion. However, any further affidavits are to be filed in compliance with the proper procedures.

On July 17, 2007, defendant Donnelly entered Towner's cell.  Towner Aff. ¶ 8; Dkt. No. 100, p. 2 ¶ 7; Towner Mem. of Law at 4.  Upon entrance, Towner contends that Donnelly intentionally assaulted him and that he was later joined by defendant McIntyre.  Dkt. No. 100, pg. 2  ¶ 7; Towner Mem. of Law at 4.  Donnelly punched and head-butted Towner while McIntyre grabbed Towner's right leg and attempted to break it over the bed rail.  Towner Mem. of Law at 4.  Donnelly claims that when he went to enter the cell to provide Towner with his meal, Towner "rushed at [Donnelly] and began punching [him] on the head and face with closed fist blows."  Donnelly Decl. (Dkt. No. 98-1) ¶¶ 2-4.  McIntyre saw Towner attack Donnelly and, as Donnelly was protecting himself and attempting to restrain Towner, McIntyre also entered the cell and assisted with Towner's restraint.  Id.  ¶ 5-6, 8; McIntyre Decl. (Dkt. No. 98-2) ¶¶ 2-6.[4]

---

[4] Additionally, after the use of force incident, Towner claims he received inadequate medical care for his injuries.  Towner Mem. of Law at 5.  He contends that his ankle was severely injured from McIntyre's actions and that medical staff delayed in providing him with x-rays to determine the extent of the damage.  Id.; see also Dkt. No. 1-2 at 51, 53-54; Dkt. No. 1-2 at 59-60, 62-63, 65, 67, 70-73.  Medical records indicate that Towner had a lump on his thigh that was to be examined by a non-party, Dr. Miller, in July 2007.  Dkt. No. 1-2 at 65, 67.  Defendants submitted a declaration from a different third party physician who treated Towner for a "sack," later diagnosed as sebaceous cyst, on his right arm in December 2009.  Evans Decl. (Dkt. No. 98-3) ¶¶ 2, 4-7.  In December, the cyst was not secreting any fluid, so Dr. Evans offered to either have the cyst excised or tested if and when it was secreted.  Id.  ¶¶ 8-13.  Towner declined to have the cyst removed.  Id.  ¶ 11.
     Despite the medical evidence, Towner has failed to establish an Eighth Amendment claim based upon deliberate indifference.  First, Towner has failed to name any defendants who were responsible for the provision or direction of his care at any point in time throughout his incarceration.  With respect to the two named defendants, there have been no allegations, nor does the record support any inferences, that they were involved in Towner's medical care.  Thus, to the extent that an Eighth Amendment claim may lie for deliberate indifference to a serious medical need, such claims are not appropriately litigated here as Towner has failed to establish the subjective prong of the analysis.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (explaining the twofold test for an Eighth Amendment violation where an inmate must show that an objectively serious condition existed and that defendants were subjectively acting in a deliberately indifferent manner).

## II.  Discussion

Towner's remaining allegations, with regard to these named defendants, concern both a First and Eighth Amendment claim.  Liberally reading his complaint, Towner alleges that he was assaulted in retaliation for filing grievances related to the salmonella contamination. Dkt. No. 33 at 4.  Through these later submissions, Towner identified that defendant B. Donnelly assaulted Towner in connection with a misbehavior report which Towner had been issued the day before from Donnelly's brother.  Additionally, Towner alleges an Eighth Amendment violation for being subjected to excessive force.  The only claim argued in Towner's motion relevant to the remaining defendants concerns the excessive force claim.[5] Defendants contend there are questions of material fact which preclude granting Towner's motion.

### A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248

---

Therefore, Towner is not entitled to judgment on any such claim here.

[5] Towner's motion also referenced his denial of proper medical care, but as discussed in note 4 supra, such claims need not be further addressed here.

(1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

### B.  Eighth Amendment

Inmates enjoy an Eighth Amendment protection against the use of excessive force and may recover damages for its violation under § 1983. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). The Eighth Amendment's prohibition against cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976); Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000). To bring a claim of excessive force under the Eighth Amendment, a plaintiff must establish both objective and subjective elements. Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999).

The objective element is "responsive to contemporary standards of decency" and requires a showing that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection." Hudson, 503 U.S. at 9 (internal citations omitted); Blyden, 186 F.3d at 262. However, "the malicious use of force to cause harm constitute[s] [an] Eighth

Amendment violation <u>per se</u>" regardless of the seriousness of the injuries. <u>Blyden</u>, 186 F.3d at 263 (citing <u>Hudson</u>, 503 U.S. at 9); <u>see also</u> <u>Wilkins v. Gaddy</u>, ___ S. Ct. ___, 2010 WL 596513 (2010) ("The core judicial inquiry . . . was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition <u>de minimis</u> uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." <u>Hudson</u>, 503 U.S. at 9-10 (citations omitted). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" <u>Sims</u>, 230 F.3d at 22 (citation omitted).

The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by wantonness." <u>Id.</u> at 21 (citation omitted). The wantonness inquiry "turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" <u>Id.</u> (quoting <u>Hudson</u>, 503 U.S. at 7). In determining whether defendants acted in a malicious or wanton manner, the Second Circuit has identified five factors to consider: "the extent of the injury and the mental state of the defendant[;] . . . the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response." <u>Scott v. Coughlin</u>, 344 F.3d 282, 291 (2d Cir. 2003) (internal quotation marks and citations omitted).

Construing the facts in the light most favorable to defendants, Towner's motion must be

denied because there is a question of fact as to whether force was applied in good faith and to restore order. While Towner contends he was assaulted without provocation, the facts on this motion must be construed in the light most favorable to the non-moving party, the defendants. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997). Accordingly, the testimony of Donnelly and McIntyre that Towner initiated the assault on Donnelly, was aggressive and non-compliant, and required two corrections officers to restrain him to maintain the his health and safety both of themselves and of Towner must be given full credit.

Therefore, questions of fact exist as to the subjective element of the inquiry as both Donnelly and McIntyre have presented evidence that they were acting in a good-faith effort to restore discipline and not to cause harm. Additionally, when construing the facts in the light most favorable to defendants and applying the factors outlined in Scott, defendants have raised questions of fact as to whether the force that was used was reasonable. 344 F.3d at 291. In particular, Towner's aggressive and non-compliant actions signaled that he was in a compromised mental state, defendants utilized the amount of force necessary to restrain him which was reasonable given Towner's persistent kicking and struggling. Thus, crediting the evidence proffered by defendants, the threat they reasonably perceived was real and immediate as Towner initiated the assault on Donnelly without provocation.

Accordingly, Towner's motion should be denied.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Towner's motion for

summary judgment (Dkt. No. 87) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 27, 2010
      Albany, New York

_David R. Homer_
United States Magistrate Judge